Alan J. Leiman (OSB No. 98074)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
alan@leimanlaw.com

Drew G. Johnson (OSB No. 114289)
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401
drew@leimanlaw.com

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| **DOUGLAS M. CLIFTON, CHRISTOPHER A. DRURY, CLIFFORD R. BAKER, and CARL W. SONNTAG**, individually and on behalf of all others similarly situated, | **CASE NO**.: 6:13-cv-1003 |
| | **COLLECTIVE and CLASS ACTION ALLEGATION COMPLAINT** Fair Labor Standards Act 29 USC § 201 et. seq.; Oregon Wage and Hour Laws; Oregon Prevailing Wage Laws. |
| Plaintiffs, | |
| v. | |
| **BABB CONSTRUCTION CO. dba DELTA CONSTRUCTION CO.,** an Oregon corporation, and **DELTA SAND & GRAVEL CO.,** an Oregon corporation | |
| Defendants. | **DEMAND FOR JURY TRIAL** |
| _____/ | |

Plaintiffs Douglas M. Clifton, Christopher A. Drury, Clifford R. Baker and Carl W.

Sonntag (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated,

bring this FLSA Collective and Fed R. Civ. P. Rule 23 class action complaint against

Defendants, BABB CONSTRUCTION CO. dba DELTA CONSTRUCTION CO., and DELTA

1 FLSA Collective and Class Action Complaint

SAND & GRAVEL CO., (collectively hereinafter "Defendants"). The above named Plaintiffs make their individual allegations based upon personal knowledge. Plaintiffs allege all other allegations upon information and belief.

## INTRODUCTION

1.    Defendants own and operate a heavy construction and aggregate mining businesses in Lane County, Oregon. Defendants employ individuals, including at one time Plaintiffs, to provide labor on private and public works building and construction projects in Oregon. Defendants are subject to the Fair Labor Standards Act ("FLSA"), Oregon's Public Contracting Law and Oregon's Prevailing Wage Rate Law ("Oregon's PWR Law"), and Oregon Wage and Hour Laws (collectively, "Wage and Hour Laws").

2.    On March 16, 2012 and April 13, 2012, following an investigation by the Oregon Bureau of Labor and Industries ("BOLI") into Defendants' Prevailing Wage Rate pay practices, Defendants tendered payroll checks totaling approximately $404,000 to Plaintiffs and over 100 other employees and former employees. These checks represented a partial payment for previously earned but unpaid wages, overtime, and other compensation earned between June 1, 2006 and December 31, 2011.

3.    The March 2012 and April 2012 payments from Defendants to Plaintiffs and other employees toward wages and penalties then due and owing were *partial* payments because the payments did not include all of the wages, overtime, other compensation, and penalty wages then due and owing to Plaintiffs and other employees under the FLSA, Oregon's PWR Law, Oregon Wage and Hour Laws, and an agreement arising out of an administrative enforcement action.

4.    In March 2013, acting on information related to the March and April 2012 payments that was provided to Defendants by Plaintiffs' attorneys, Defendants tendered a third partial payment

to some current and/or former employees of Defendants for compensation earned prior to 2012, but not yet paid as of May 2012.

5.    This action seeks to recover the balance of the unpaid wages, overtime, other compensation, and penalty wages remaining due and owing to Plaintiffs and other similarly situated employees and former employees who were tendered a partial payment of back wages due from Defendants on either March 16, 2012, April 13, 2012, or in March 2013.

6.    Plaintiffs bring this action on behalf of themselves and other similarly situated employees seeking unpaid wages, overtime, and other compensation as actual and liquidated damages, as well as penalty wages, costs, and attorneys' fees arising from the law violations set forth herein.

7.    Defendants violated the FLSA when they failed to pay Plaintiffs and other employees overtime at one and one-half times the correct regular rate of pay for all hours over 40 worked in a workweek during the applicable statutory period.

8.    Defendants violated Oregon's PWR Laws when they failed to pay Plaintiffs and other employees overtime at the correct rate(s) of pay for over 8 or 10 hours worked each day on public works projects during the applicable statutory period.

9.    Defendants violated Oregon PWR Laws when they tendered weekly paychecks to Plaintiffs and other employees for labor performed on public works, but at rates of pay less than the minimum prevailing wage rate of pay due for work performed in the locality where it was performed.

10.    Defendants misclassified labor performed by Plaintiffs and other employees on public works projects resulting in violations of Oregon PWR Laws.

11.    Defendants took an unlawful fringe benefit credit against PWR wages earned by Plaintiffs and other employees on public works projects resulting the tender of PWR wages at

less than the PWR rate of pay earned in violation of Oregon PWR Laws.

12.     Defendants intentionally, knowingly, and willfully falsified Plaintiffs' and other employees' time records to reduce the amount of PWR pay that Defendants tendered to Plaintiffs and others resulting in violations of the FLSA, Oregon PWR Laws, and Oregon's Wage and Hour Laws.

13.     Defendants failed to accurately track, record, and classify the work performed by Plaintiffs and other employees on private and public works projects resulting in the underpayment of wages and violations of the FLSA, Oregon PWR Laws, and Oregon's Wage and Hour Laws.

14.     One or both of the partial payments tendered by Defendants in March and April of 2012 failed to accurately account for all wages earned and then due to Plaintiffs and other employees for work performed on public and non-public projects.

15.     Defendants' failure to accurately account for and pay wages earned, due, and owing in 2012 resulted in the underpayment of wages and compensation in violation of the FLSA, Oregon PWR Laws, and Oregon's Wage and Hour Laws, and; based on information and belief and subject to discovery, an agreement with BOLI requiring Defendants to pay to Plaintiffs and others all PWR wages and compensation then due and owing.

16.     Defendants failed to include in the March 2012 and/or April 2012 payroll re-computations a $1.00 per hour cash benefit previously earned by some Plaintiffs and other employees for non-PWR work, thereby further causing some March 2012 and April 2012 payments to be less than the amounts then due and owing.

17.     Defendants' failure to correctly classify the actual work performed by Plaintiffs and other employees when re-computing the payrolls in 2012 resulted in the underpayment of wages and

compensation in violation of the FLSA, Oregon PWR Laws, and Oregon's Wage and Hour Laws.

18.    Based on information and belief and subject to discovery, Defendants knew they had misclassified work performed prior to 2012, but failed remedy those errors and in some cases made additional new errors which caused the 2012 tender of pay to be less than the prevailing wage earned and due in violation of Oregon PWR Laws.

19.    The March 2012, April 2012, and March 2013 payments all failed to satisfy the Defendants' statutory obligations to pay the correct amount of wages, overtime, and other compensation when due to Plaintiffs and others.

20.    In 2012 and 2013, Defendants knew of their statutory obligations related to the payment of wages, overtime, and other compensation including penalty wages when they failed to tender the wages, overtime and other compensation then due.

21.    The 2012 and 2013 back pay payments from Defendants to Plaintiffs and others also failed to satisfy an obligation to pay back wages as that obligation was set forth by BOLI and accepted by Defendants.

22.    In 2012, Defendants failed to pay Plaintiffs and other similarly situated employees all of their wages, overtime, and other compensation when due as specified in ORS 652.120 and ORS 653.055 in violation of Oregon's Wage and Hour Laws.

23.    Defendants failed to pay all wages owed at termination to Plaintiffs' and other former employees' in their final paychecks and in the payroll checks tendered by Defendants on or about April 13, 2012 as required by ORS 652.140 and ORS 653.055 in violation of Oregon's Wage and Hour Laws.

24.    At all times material to this action, Defendants failed to post prevailing wage rate and

fringe benefit information as required by Oregon's PWR Laws, thereby denying Plaintiffs and other employees a reasonable opportunity to verify the accuracy of their weekly pay.

25.    At all times material to this action, Defendants modified Plaintiffs' and other employees' time records without the employees' knowledge or consent, thereby denying Plaintiffs and other employees a reasonable opportunity to verify the accuracy of their weekly pay.

26.    As noted by BOLI in 2011, Defendants also falsely certified in Weekly PWR Payroll Certifications as to having paid Plaintiffs and Defendants' other employees no less than the correct minimum PWR wage each week as required by ORS 279C.845, formerly ORS 279.354, in violation of Oregon's Public Contracting Prevailing Wage Law.

27.    Defendants' common policies and practices resulted in the systematic and concealed underpayment of wages to Plaintiffs and other employees.  Subject to discovery in this matter, some Plaintiffs and members the FLSA Collective Class and the Fed. R. Civ. P. Rule 23 Class may constitute subclasses for each claim stated herein.

28.    The amount of wages due to each individual Plaintiff and employee is readily ascertainable from records in Defendants possession and control.

29.    Plaintiffs bring this action on behalf of themselves and the similarly situated employees seeking unpaid wages, overtime, and other compensation including liquidated damages, penalty wages, litigation costs, and attorneys' fees.

## PARTIES

30.    Plaintiff DOUGLAS CLIFTON is a resident of Lane County, Oregon and was employed by one or both Defendants as a Truck Driver.  Plaintiff Clifton is owed unpaid wages, overtime, compensation, and penalty wages from Defendants.

31.    Plaintiff CHRISTOPHER DRURY is a resident of Kootenai County, Idaho and was

employed by one or both Defendants as a Cement Mason /Concrete Finisher.  Plaintiff Drury is owed unpaid wages, overtime, compensation, and penalty wages from Defendants.

32.     Plaintiff CLIFFORD BAKER is a resident of Lane County, Oregon and was employed by one or both Defendants as a Truck Driver.  Plaintiff Baker is owed unpaid wages, overtime, compensation, and penalty wages from Defendants.

33.     Plaintiff CARL SONNTAG is a resident of Lane County, Oregon and was employed by one or both Defendants as a Truck Driver.  Plaintiff Sonntag is owed unpaid wages, overtime, compensation, and penalty wages from Defendants.

34.     Defendant BABB CONSTRUCTION CO. dba DELTA CONSTRUCTION CO. is an Oregon Corporation with its corporate headquarters and principal place of business in Lane County, Oregon.

35.     Defendant DELTA SAND & GRAVEL CO. is an Oregon Corporation with its corporate headquarters and principal place of business in Lane County, Oregon.

**JURISDICTION**

36.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.

37.     Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

38.     The United States District Court for the District of Oregon has personal jurisdiction because both Defendants are Oregon corporations headquartered in Lane County, Oregon.

39.     At all times pertinent to this Complaint, Defendants individually and/or collectively, owned an operation that was an enterprise in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and § 203(s). Based upon information and belief, the annual gross sales volume of the Defendants' businesses individually and collectively were in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiffs and the similarly situated employees worked in interstate commerce so as to fall within the protections of the FLSA.

## FACTUAL ALLEGATIONS

40.     Subject to discovery, Plaintiffs allege that between January 2011 and March 2012 BOLI conducted an investigation into the Public Contracting and Prevailing Wage Pay practices of Defendants.

41.     On December 16, 2011, and following the investigation into Defendants' pay practices, BOLI notified Defendants by letter they had "failed to pay daily overtime to workers… in violation of ORS 279C.540"; that Defendants had "miscalculated fringe benefits credits resulting in [the] failure to pay the applicable prevailing wage rate in violation of ORS 279C.840"; and, that Defendants had failed to "submit complete and accurate certified payroll reports in violation of ORS 279C.845."   A true and complete copy of the December 16, 2011 BOLI letter to Defendants is attached as Exhibit A to this Complaint and is incorporated as if fully set forth herein.

42.     Based on reasonable belief and subject to discovery in this matter, Defendants and BOLI entered into some form of compliance agreement whereby Defendants would pay six years of

8 FLSA Collective and Class Action Complaint

back wages, but avoid payment of liquidated damages or penalty wages, to Plaintiffs and other similarly situated employees and former employees who had been denied by Defendants the wages and overtime pay they had rightfully earned.

43.     On March 16, 2012, BOLI sent to Plaintiffs and other employees and former employees letters that included "a check for the wages found due … minus the standard deductions" for two projects – the Walnut Station ODOT Parking project (File No. 11-0113) and the Roosevelt Operations Center project (File No. 11-0114).

44.     On April 13, 2012 Defendants mailed letters to Plaintiffs and other similarly situated employees and former employees that included a check for what the letters stated was "the recalculated payroll adjustment of prevailing wage jobs between the years 2006 – 2011."

45.     The April 13, 2012 payment was a payment tendered to Plaintiffs and the prospective Collective and Rule 23 Class members purportedly for six years of unpaid wages owing pursuant to Defendants' agreement with BOLI, however, that payment failed to satisfy that obligation because Defendants did not include all of the wages and other compensation earned and owing to Plaintiffs and the similarly situated employees and former employees who comprise both the prospective FLSA Collective Class and the Rule 23 Class.

## FLSA COLLECTIVE - CLASS ACTION

46.     Plaintiffs bring this collective class action under § 216(b) of the FLSA against Defendants jointly and severally for unpaid overtime compensation, and related penalties and damages on behalf themselves and the following persons:

> All current and former employees of Defendants who received one or both of Defendants' March 2012 and April 2012 payments and who worked over 40 hours in a workweek during the applicable statutory period (the "FLSA Collective Class")

47.    Plaintiffs bring the FLSA claim for unpaid overtime and liquidated damages as an "opt-in" collective action pursuant to 29 USC § 216(b).  The FLSA claims may be pursued by those members of the FLSA Collective Class who opt-in to this case pursuant to 29 USC § 216(b).

48.    Plaintiffs, individually and on behalf of the FLSA Collective Class seek relief on a collective basis alleging the FLSA was violated when they were not paid the correct amount of overtime.    Plaintiffs and the FLSA Collective Class are similarly situated because the underpayment of overtime was caused by payroll computation errors that were common to all of Defendants' employees.  Defendants' use of an incorrect regular rate in the computation of overtime resulted in the underpayment of overtime to the Plaintiffs and the FLSA Collective Class.  The number and identity of other members of the FLSA Collective Class yet to opt-in may be readily determined from the records of Defendants, and potential opt-in FLSA Collective Class members may be easily and quickly notified of the pendency of this action.

49.    Defendants have still not paid Plaintiffs and the FLSA Collective Class the correct amount of overtime wages earned.

50.    At all times material hereto, Defendant BABB CONSTRUCTION CO. dba DELTA CONSTRUCTION CO. managed, owned and/or operated a heavy construction and/or aggregate mining business, and regularly exercised the authority to hire and fire employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant BABB CONSTRUCTION CO. dba DELTA CONSTRUCTION CO. was an employer of the Plaintiffs and the FLSA Collective Class as such term is defined by the Act.  29 U.S.C. § 201 et. seq.

51.    Defendant BABB CONSTRUCTION CO. dba DELTA CONSTRUCTION CO. directly or indirectly acted in the interest of an employer towards the Plaintiffs and the FLSA Collective

Class at all material times, including without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiffs and the FLSA Collective Class.

52.    At all times material hereto, Defendant DELTA SAND & GRAVEL CO., managed, owned and/or operated a heavy construction and/or aggregate mining business, and regularly exercised the authority to hire and fire employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant DELTA SAND & GRAVEL CO. was an employer of the Plaintiffs and the FLSA Collective Class as such term is defined by the Act.  29 U.S.C. § 201 et. seq.

53.    Defendant DELTA SAND & GRAVEL CO. directly or indirectly acted in the interest of an employer towards the Plaintiffs and the FLSA Collective Class at all material times, including without limitation, directly or indirectly controlling all employment terms and conditions of the Plaintiffs and the FLSA Collective Class.

54.    At all material times, hereto, Plaintiffs and the FLSA Collective Class performed duties for the benefit of, and on behalf of Defendants.

55.    At all material times hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiffs and the FLSA Collective Class performed services and labor for Defendants for which Defendants failed to pay the correct amount of overtime when due. Plaintiffs and the FLSA Collective Class are entitled to liquidated damages for Defendants' willful failure to pay overtime when due.

56.    Plaintiffs have retained the law firm of Leiman & Johnson, LLC to represent them as party Plaintiffs on behalf of themselves individually and on behalf of the FLSA Collective Class, and have incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiffs and the FLSA Collective Class are entitled to recovery of

reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations - 29 U.S.C § 207)

57.    Plaintiffs on behalf of themselves and the FLSA Collective Class re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 56 above.

58.    At all material times Defendants were required to pay the Plaintiffs and the FLSA Collective Class in accordance with the overtime provisions of the FLSA.

59.    Defendants violated §207 of the FLSA when they failed to pay overtime to the Plaintiffs and the FLSA Collective Class at one and one-half times the correctly computed regular rate of pay based on wages actually earned for hours worked over 40 in a workweek during the applicable statutory period.

60.    On March 16, 2012 and April 13, 2012, Defendants tendered to the Plaintiffs and the FLSA Collective Class payroll checks for unpaid wages and other compensation owed covering pay periods between July 2006 and December 2011.

61.    Based on reasonable belief and subject to discovery, the March 2012 and April 2012 payroll checks included pay for overtime earned but not previously paid to Plaintiffs and the FLSA Collective Class during the applicable statutory period.

62.    For violations of the FLSA covered by the payments tendered in March 2012 and April 2012, Plaintiffs and the FLSA Collective Class are entitled to liquidated damages.

63.    Based on reasonable belief and subject to discovery in this matter, the March 2012 and April 2012 payments toward wages previously earned but unpaid that Defendants tendered to Plaintiffs and the FLSA Collective Class failed to fully and completely compensate them for all of their overtime hours worked.

64.    From August 28, 2006 through December 31, 2011, and again on April 13, 2012, Defendants willfully failed to pay Plaintiffs and the FLSA Collective Class one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each week since August 28, 2006.

65.    Defendants failure to pay the FLSA Named Plaintiffs and the FLSA Collective Class all overtime earned at one and one-half times the correctly computed regular rate of pay resulted from the following willful acts:

a.    Defendants failed to keep and maintain the time records necessary to determine the correct regular rate of pay for each Plaintiff and for the FLSA Collective Class;

b.    Defendants failed to determine the correct regular rate of pay for Plaintiffs and the FLSA Collective Class members earning different rates of pay during a week;

c.    Defendants failed to correctly classify Plaintiffs' and the FLSA Collective Class members' work according to the tasks performed which caused Defendants to tender pay at less than the correct regular rate of pay earned;

d.    Defendants misclassified work performed by Plaintiffs and the FLSA Collective Class resulting in miscalculation and underpayment of overtime by using an incorrect regular rate of pay;

e.    Defendants failed to pay Plaintiffs and the FLSA Collective Class the correct PWR rate of pay actually earned resulting in the underpayment of overtime due to an incorrect regular rate of pay being used in the calculation to determine the rate of overtime pay;

f.    Defendants failed to separately track and record the hours spent by Plaintiffs and

the FLSA Collective Class working on PWR and non-PWR jobs;

g.  Defendants failed to maintain separate time and pay records for Plaintiffs' and the FLSA Collective Class' PWR and non-PWR work; and

h.  Defendants recalculated up to six years of Plaintiffs' and the FLSA Collective Class' payrolls in April 2012 by using in some instances PWR classifications with lower rates of pay than those for which these employees were originally paid resulting in underpayment of wages and overtime then owed to Plaintiffs and the FLSA Collective Class.

66.  The failure of Defendants to pay Plaintiffs and the FLSA Collective Class their correct overtime wages was willful.

67.  As a result of Defendants' failure to pay the FLSA Named Plaintiffs and the FLSA Collective Class all of their overtime earned, the named Plaintiffs and the FLSA Collective Class have incurred actual damages and are entitled to liquidated damages and/or a penalty whichever is greater.

68.  By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs and the FLSA Collective Class have suffered damages and have also incurred costs and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Rule 23 Class Action Allegations:  Prevailing Wage Rate Violations)**

69.  Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 68 above.

70.  Plaintiffs bring a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of themselves and the following class of persons:

All current and former employees of Defendants who received one

14 FLSA Collective and Class Action Complaint

or both of Defendants' March 2012 and/or April 2012 payments and who are still owed unpaid wages and other compensation (the "Class").

71.    All members of the Class who do not opt-out, may pursue the Oregon state law claims if those claims are certified for class-wide treatment.

72.    Plaintiffs' state law claims satisfy the Fed. R. Civ. P. 23(a) class action prerequisites of numerosity of members, commonality of questions of law and fact, typicality of class claims, and fair and adequate representation of class member interests.

73.    Numerosity (Fed. R. Civ. P 23(a)(1)): The Class satisfies the numerosity standards.  The Class is believed to be approximately 130 persons.  As a result, joinder of all Class members in a single action is impracticable.  The precise number of Class members and their identities and contact information are unknown to Plaintiffs but can be easily ascertained from Defendants' payroll records.  Class members may be notified of the pendency of the action by first-class mail.

74.    Commonality (Fed. R. Civ. P 23(a)(2)): Questions of law and fact common to the Class predominate over any questions affecting only individual members.  All Class members were subject to the same payroll practices that resulted in the underpayment of wages, including PWR wages, overtime, and other compensation. All Class members received one or both of the March 2012 and April 2012 payroll payments from Defendants because they had all been paid incorrectly in the same manner, and all Class members are owed additional wages, overtime, and other compensation.

75.    Common questions of fact include but are not limited to: (a) whether Defendants policy and practice resulted in underpayment of wages and compensation; (b) whether Defendants kept records necessary to determine if Defendants had paid Class members correctly; and (c) if Defendants acted willfully in failing to pay the correct amount of wage.

76.    Common questions of law exist regarding: (a) liquidated damages for PWR Law violations; (b) penalties under ORS 652 and ORS 653, and (c) the statutory time limitations, among others.

77.    The common issues predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Oregon state law claims.

78.    Typicality (Fed. R. Civ. P. 23(a)(3)):  Plaintiffs' claims are typical of Class members' claims because:

      a.    Defendants employed Plaintiffs in the same or similar positions as the Class members;

      b.    Plaintiffs and the Class members were subject to the same payroll policies and were affected in the same manner by those policies;

      c.    All of the named Plaintiffs together with all of the Class members received one or both of the March 2012 and/or April 2012 payments as the result of the incorrect payment and underpayment of wages earned;

      d.    Plaintiffs' claims are based on the same legal and remedial theories as those of the Class and have similar factual circumstances; and

      e.    Plaintiffs have suffered the same or similar injury as that of the Class.

79.    Adequacy of Plaintiffs' Representation (Fed. R. Civ. P. 23(a)(4)):  The named Plaintiffs will fairly and adequately represent and protect the interests of the class because:

      a.    There is no conflict between their claims and the Class' claims.

      b.    Plaintiffs have retained counsel who are skilled and experienced, who specialize in wage and hour cases, and who will vigorously prosecute the litigation;

      c.    Plaintiffs' claims are typical of the claims of the Class members; and

      d.    Plaintiffs and their counsel will fairly and adequately protect the interests of the Class members.

80.     A class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

      a.   There is minimal interest of members of this class in individually controlling their prosecution of claims under Oregon Wage and Hour Laws;

      b.   It is desirable to concentrate the litigation of these claims in this forum; and

      c.   There are no unusual difficulties likely to be encountered in the management of this case as a class action.

81.     The presentation of separate actions by individual Class members creates the risk of inconsistent and varying adjudications, and may establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of Class members to protect their interests.

82.     In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of wrongful violations of Oregon Wage and Hour Laws.

83.     At times material and subject to further discovery, Defendants failed to tender pay to Plaintiffs and the Class at the applicable prevailing wage rate as required by ORS 279C.840, formerly ORS 279.350.

84.     Defendants failed to accurately calculate the hourly fringe benefit credit taken by Defendants for employer contributions to health insurance benefits made on behalf of Plaintiffs and the Class resulting in weekly pay to Plaintiffs and the Class tendered at less than the correct and legally required minimum PWR of pay for the work performed by Plaintiffs and members of the Class.

85.    Defendants calculated an annual hourly fringe benefit credit based on an average number of hours worked by all employees, rather than on an individual employee basis as required by Oregon's PWR Law.

86.    As a result of taking an unlawful fringe benefit credit against hourly wages and cash benefits, Defendants tendered payments to Plaintiffs and the Class at rates of pay less than the correct minimum PWR rate of pay for the work performed by Plaintiffs and members of the Class.

87.    Between August 28, 2006 and December 31, 2011, and again on March 16, 2012 and April 13, 2012, Defendants violated ORS 279C.840(1), formerly ORS 279.350 by tendering paychecks to Plaintiffs and the Class for work performed on public works at rates of pay that were less than the correct prevailing wage rate of pay for the work performed.

88.    As a result of the tender of payment at less than the correct prevailing wage rate of pay for the work performed, Defendants are liable to Plaintiffs and the Class for liquidated damages equal to the amount of underpayment.

89.    Plaintiffs and the members of Class did not know or have any reason to know that Defendants were paying less than the prevailing wage rate of pay because Defendants failed to post the prevailing wages due, failed to post the fringe benefit information, and failed to truthfully and accurately submit weekly certified PWR payroll statements as required by ORS 279C.845(1), formerly 279.354.

90.    At all times material to this lawsuit, Defendants falsely certified that they had paid the Plaintiffs and the Class no less than the prevailing wage rate of pay in each weekly-certified payroll statement submitted on prevailing wage public works projects.

91.    On March 16, 2012 and again on April 13, 2012, subject to discovery in this matter,

Defendants took unlawful deductions against the recalculated payrolls resulting in tender to Plaintiffs and the Class of PWR wages at less than the correct prevailing wage rate of pay.

    a.   Defendants modified time and pay records, adjusted work classifications, and reduced pay without notifying Plaintiffs or Class members that wages were being reduced;

    b.  Defendants failed to carefully track and accurately record employees' time spent working each PWR classification on PWR jobs causing Plaintiffs and the Class members to be paid less than the correct PWR rate of pay for work performed;

    c.  Defendants failed to keep and maintain separate time records for time spent by Plaintiffs and the Class working on PWR and non-PWR jobs;

    d.  Defendants failed to post the prevailing wage rates for each project in a conspicuous place;

    e.  Defendants failed to post notice describing fringe benefits owed to Plaintiffs and the Class members;

    f.  Defendants took an improper fringe benefit credit against the PWR wages earned resulting in Defendants paying Plaintiffs and the Class members less than the correct PWR wages Plaintiff earned;

    g.  Defendants submitted incorrect false PWR payroll records; and

    h.  Defendants circumvented Oregon's PWR laws to avoid paying Plaintiffs and the Class members the correct PWR wages due.

92.    During or prior to April 2012, and subject to discovery in this matter, Defendants circumvented Oregon's PRW Laws and violated ORS 279C.840(7) when, during the course of re-computing Plaintiffs' and the Class' payroll to make the April 2012 payments, Defendants in

19 FLSA Collective and Class Action Complaint

certain instances reclassified work performed by Plaintiffs and the Class in lower-paying occupational categories. Once re-classified and recomputed, Defendants wrongfully reclaimed wages and other compensation previously earned and paid to the Plaintiffs and the Class resulting in an additional unlawful reduction in the amount of wages paid in the March 2012 and April 2012 payments.

93.    The failure of Defendants to pay Plaintiffs and the Class the correct PWR wages when originally due and again in March and April of 2012 was willful.

94.    From June 1, 2006 through December 31, 2011, and again in March and April 2012, Defendants willfully paid Plaintiffs and the Class less than the correct PWR wages earned.

95.    Because Defendants failed to track separately and record the time their employees spent working in various PWR classifications, and because Defendants were obligated to certify that Plaintiffs and the Class had been paid at no less than the minimum legally required PWR rate of pay, Plaintiffs and the Class members must be paid at the highest PWR rate of pay earned each week for all hours worked in that week to assure that the minimum PWR rate of pay for the work performed has been paid.

96.    As a result of violations of ORS 279 and 279C and Defendants' failure to pay Plaintiffs and the Class the PWR wages earned, Plaintiffs and the Class members have suffered damages and Defendants are liable to them for actual unpaid prevailing wages earned in the six year period preceding August 27, 2012, for all the wages reclaimed by Defendants in the re-computed payroll, and for an equal amount in liquidated damages, or in the alternative, a penalty calculated according to ORS 652.150 for failure to comply with Oregon's PWR Law resulting in failure to pay the minimum prevailing wages when due.

97.    The amount of Plaintiffs' and the Class' unpaid PWR wages remains subject to discovery

and will be proven at trial.

98.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs and the Class have suffered damages and have also incurred costs and reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
### (RULE 23 – Oregon Wage and Hour Law Violations)

99.    Plaintiffs re-allege and incorporate herein by reference, all allegations contained in paragraphs 1 through 98 above.

100.    At all times material, Defendants tendered to Plaintiffs and Class members a weekly payroll check for work performed during the previous week.

101.    As alleged herein and subject to discovery, during relevant pay periods, Defendants willfully failed to pay Plaintiffs and the Class the correct PWR wages, non-PWR wages, cash benefits, and/or overtime when due thereby violating ORS 653.055.

102.    As a result of Defendants' failure to pay Plaintiffs and the Class their wages when due, Defendants have violated ORS 653.055 and are liable to Plaintiffs and the Class members for penalty wages calculated according to ORS 652.150, in an amount to be determined at trial, plus pre-judgment interest in an amount to be determined at trial.

103.    Alternatively, concerning former employees, Defendants willfully failed to pay Plaintiffs and former employee Class members all wages due and owing in full within the time allowed following termination of employment.  Defendants have violated ORS 652.140 and are liable to Plaintiffs and the former employee Class members for penalty wages calculated according to ORS 652.150, in an amount to be determined at trial plus pre-judgment interest in an amount to be determined at trial.

104.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiffs and the

Class have suffered damages and have also incurred costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the FLSA Collective Class and the Fed. R. Civ. P. Rule 23 Class, respectfully ask the Court to grant them the following relief:

1.      On the First Claim, award Plaintiffs and the FLSA Collective Class their actual damages for unpaid overtime in an amount to be determined at trial but no less than $700,000 (Seven Hundred Thousand Dollars), plus an equal amount as liquidated damages for failure to pay overtime pursuant to 29 U.S.C. §207, minus overtime already paid;

2.      On the Second Claim, award Plaintiffs and Class members an amount to be determined at trial but not less than $2,500,000 (Two Million Five Hundred Thousand Dollars) for their actual damages for Oregon Prevailing Wage Law violations, plus liquidated damages pursuant to ORS 279C.855 or ORS 279.356, or in the alternative, a penalty calculated according to ORS 652.150 for failure to pay wages when due;

3.      On the Third Claim, award Plaintiffs and the Class members penalty wages pursuant to ORS 653.055 and/or ORS 652.150 in amounts to be determined at trial but no less than $700,000 (Seven Hundred Thousand Dollars).

4.      Award Plaintiffs reasonable attorney fees and costs;

5.      Award Plaintiffs pre-judgment and post-judgment interest; and

6.      Award Plaintiffs any and all such other legal and equitable relief as this Court deems just and proper.

DATED June 14, 2013.

Respectfully submitted,

  _/s Alan J. Leiman  _____
Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Attorney for Plaintiff


  _/s Drew G. Johnson  _____
Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Attorney for Plaintiff