IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS M. CLIFTON,
CHRISTOPHER A. DRURY,
CLIFFORD R. BAKER, and
CARL W. SONNTAG,
individually and on behalf of
all others similarly situated

        Plaintiffs,

      v.

BABB CONSTRUCTION Co. dba
DELTA CONSTRUCTION Co.,
an Oregon corporation, and
DELTA SAND & GRAVEL Co.,
an Oregon Corporation

        Defendants.

Civ. No. 6:13-cv-01003-MC

OPINION AND ORDER

MCSHANE, Judge:

    Defendants' counsel filed motions to dismiss for failure to state a claim upon which relief can be granted [#11], pursuant to Federal Rule of Civil Procedure 12(b)(6), and the matter is now before this court. In addition to the submission of multiple briefs from both parties, oral arguments were heard on the motions by this court on September 25th 2013. For the following reasons defendants' motions are **GRANTED in part** and **DENIED in part**.

1 -- OPINION AND ORDER

## SUMMARY OF FINDINGS

This court's findings are based on the Motions/paragraphs as enumerated on page two of defendants' initial motion [#11]. On September 25th 2013, the court made the following rulings from the bench and as outlined in its minute order [#50]:

A. Motion/paragraph #1 was **partially denied** as to the defendants' motion to dismiss the plaintiffs' Third Claim for Relief in its *entirety*. However, part of defendants' motion/paragraph #1 was **converted** into a **Motion to Strike,** and was **granted.** As a result of the granted Motion to Strike, **the portions in the plaintiffs' Third Claim for Relief in regards to alleged PWR violations pursuant to ORS Chapter *653*** were ordered **stricken** (granted). The rest of the plaintiffs' Third Claim for Relief (in regards to claims pursuant to ORS Chapter *652*) will remain (denied).

B. Motions/paragraphs #**2, #4, #6, #7,** and #**8** were **denied**.

C. Motions/paragraphs #**3** and #**5** were taken under advisement and are now addressed in this Opinion and Order (see paragraphs F and G).

D. Defendants' Motion for Reconsideration of Order #26 [#36] was also **denied**. Order #26 was limited solely to the *conditional* certification and authorization for notice of the FLSA Class under 29 U.S.C. § 216(b). No additional classes have been certified or conditionally certified. *Final* certification of the FLSA Class will be subject to a stricter 2nd-tier certification process as outlined in the court's order [#26], to include potential Motion(s) for Decertification.

E. The court also ruled that the issues of equitable tolling and the scope of the class were not yet ripe to rule on.

This court now makes the following additional findings:

F. Motion/paragraph #**3** is **GRANTED** for the following reasons.

G. Motion/paragraph #*5* is **DENIED** for the following reasons.

2 – OPINION AND ORDER

## **PROCEDURAL AND FACTUAL BACKGROUND**

The plaintiffs' complaint alleges the defendants (Babb Construction, Delta Construction, and Delta Sand & Gravel, (hereinafter referred to collectively as "Delta"), violated the Fair Labor Standards Act (FLSA) by failing to pay the correct amount of overtime wages for hours worked over forty (40) hours per week to the conditional class, in violation of 29 U.S.C. § 207 [#1]. The plaintiffs further allege the defendants' overtime calculations did not take into account all wages earned by employees in a workweek when computing the overtime rate of pay. *Id.* According to the plaintiffs, the defendants' practice was to instead pay overtime calculated without computing a weighted average that took into consideration all wages earned in a workweek. Plaintiffs also allege that a higher prevailing wage was required because much of the employment involved work on public works projects.

The plaintiffs contend that these miscalculations frequently resulted in the underpayment of overtime as required by the FLSA 29 C.F.R. § 548.3(c), and that some payments may still be outstanding, despite the defendants' issuance of cure-payments [#21]. Plaintiffs were granted preliminary *conditional* FLSA Class Certification and Authorization for Notice to potential class members pursuant to 29 U.S.C. § 216(b) [#26].

For the limited purposes of this opinion and order on defendants' motions, this court will assume that the facts as presented in the pleadings thus far are true. Therefore, any inadvertent omission of the word "allege" or such synonym, to qualify statements of fact made herein, should not be construed as a finding of truthfulness of those statements.

3 – OPINION AND ORDER

## STANDARD OF REVIEW

Defendants' counsel filed motions to dismiss for failure to state a claim upon which relief can be granted [#11-12], pursuant to Federal Rule of Civil Procedure 12(b)(6) 28 U.S.C.A.. In determining a standard of review, the Supreme Court has stated, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; (2007).

## DISCUSSION

### I.      Motion/Paragraph #3:

Defendants' motion/paragraph #3 seeks, "Dismissing plaintiffs' claims for penalties owed under Oregon's wage and hour and prevailing wage rate laws accruing prior to September 12, 2009 (Second Claim for Relief; Third Claim for Relief)." [#11 at page 2]. Defendants' motion/paragraph #3 is **granted** because the plaintiffs cannot, as a matter of *law*, state a claim for relief for the following reasons.

4 – OPINION AND ORDER

In their Second and Third Claims for Relief, plaintiffs seek: (1) "liquidated damages" under ORS 279C.855 related to wages that were allegedly paid late over a 6-year period ending August 27, 2012 [#1 at ¶96]; and (2) penalties pursuant to ORS 652.150 related to the defendants' failure to comply with the final paycheck rule during the same time period [#1 at ¶¶ 96, 101 and 103]. The defendants argue that these "exactions" provided for under ORS 279C.855 and ORS 652.150 are "penalties" and are therefore subject to a three year statute of limitations under ORS 12.100(2).

Compensatory damages are intended to make the injured party whole while a penalty is intended to punish or deter a wrongdoer. *Diaz v. Coyle, 152* Or. App. 250, 253. Factors to consider in determining the legislative intent include: (1) the language of the underlying statute; (2) the context in which the exaction is provided for; and (3) the underlying statute's legislative history. *Id.* Here, the relevant factors weigh in favor of a finding that the exaction provided for under ORS 297C.855 is a penalty. [#12 and #19].

The defendants argue that the **exaction** provided for under ORS 279C.855 is a penalty because ORS 279C.855 states, in relevant part: "a contractor . . . that violates the provisions of ORS 279C.840 is liable to the workers affected in the amount of the workers unpaid wages, including fringe benefits, *and in an additional amount equal to the unpaid wages as liquidated damage.*" (Emphasis added). The test for determining whether a damage provision is actually a penalty for purposes of the statute of limitations is whether the legislature intended the provision to be compensatory or punitive in nature. *Diaz v. Coyle, 152* Or. App. 250, 252 (1998). [#12].

Although ORS 279C.855 describes the exaction at issue as "liquidated damages", as the *Diaz* court stated: "[t]he word 'damages' is a generic word. It could connote compensatory damages that are intended to make the injured party whole or penalties that are intended to

5 – OPINION AND ORDER

punish or deter a wrongdoer." *Id.; see also, Nordling v. Johnston*, 205 Or. 315 (1955) ("name given the exaction . . . may not always be controlling, but it sheds light on the legislative intent.") Further, because ORS 279C is the prevailing wage equivalent of ORS 653 (the chapter governing minimum wage), the context of ORS 279C.855 as compared to its minimum wage counter-part is instructive. *North Marion School Dist. No. 15 v. Acstar Ins. Co.*, 205 Or. App. 484, 495 (2006) ("The prevailing wage statute, ORS 279.350 [subsequently renumbered to ORS 279C.840], essentially sets a minimum wage for public improvement projects and serves the same purpose as the minimum wage statutes in ORS chapter 653."); *see also, U.S. v. Binghamton Construction Co.*, 347 U.S. 171, 178 (1954) (The prevailing wage statute "is a minimum wage law designed for the benefit of construction workers.") [#12 and #19].

Because ORS 653.055 is analogous to ORS 279C.855, the Oregon Supreme Court's characterization of the exaction provided for by ORS 653.055 as a penalty is persuasive. And, like the *Nordling* Court, this court should hold that ORS 279C.855 provides for a penalty. Therefore, the Plaintiffs' claims for these penalties should be dismissed to the extent Plaintiffs' claims accrued prior to September 12, 2009. [#12 and #19].

The defendants also argue that the relevant legislative history weighs in favor of determining the exactions as penalties. As they point out in their brief [#12], "In response to the Oregon Supreme Court's ruling in *North Marion*, the legislature amended ORS 279C.840 (the statute that creates liability under ORS 279C.855) to explicitly include a timing component. The measure summary related to those discussions is instructive: SB 53 also addresses one problem for BOLI arising out of an Oregon Supreme Court case. Under current case law, contractors who fail to timely pay prevailing wages can avoid a penalty for failing to pay prevailing wages by paying the wages at any time. Under SB 53, BOLI could assess a penalty if the contractor fails to

6 – OPINION AND ORDER

pay wages on its regular payday. 75th Oregon Legislative Assembly -2009 Regular Session, Staff Measure Summary, Senate Committee on Commerce and Workforce Development: SB 53 (emphasis added)." [#12].

It is irrelevant that the effective dates proffered by the defendants for statutory limitation purposes are not contained anywhere in plaintiffs' complaint and come from outside the allegations of the Complaint. These dates were not arbitrary and were proffered by the defense as a matter of *law*, not fact.

For these reasons, motion/paragraph #3 is **granted** because this court finds that based on Oregon law and the relevant caselaw in *Nordling* and *North Marion County*, it is clear that ORS 279C.855 and ORS 652.150 indeed provide for *penalties*. Therefore any part of the plaintiffs' claims in their Second and Third Claims for Relief [#1] seeking *penalties* pursuant to ORS 279C.855 or ORS 652.150 for acts *prior* to September 12, 2009 are time-barred by the applicable statute of limitations under ORS 12.100(2) and are **dismissed**.

7 – OPINION AND ORDER

## II.    Motion/Paragraph #5:

Defendants' motion/paragraph #5 seeks, "Dismissing plaintiffs' claims for penalties brought pursuant to former ORS 279.356 and current ORS 279C.855 related to wages already paid but paid late (Second Claim for Relief)." [#11 at page 2]. Defendants' motion/paragraph #5 is **DENIED** for the following reasons.

The defendants argue that a portion of plaintiffs' claims for penalties under former ORS 279.356 and current ORS 279C.855 are partially barred by the Oregon Supreme Court's decision in *North Marion School Dist. v. Acstar Ins. Co.*, 343 Or. 305 (2007), and therefore should be dismissed. They argue that the court should dismiss the plaintiffs' claims for ***penalties*** based on former ORS 279.356 and current ORS 279C.855, for back-wages already fully paid (but paid late) prior to May 26, 2009. Because, according to the defense, based on the holding in *North Marion*, so long as employees were ultimately paid all their wages due as required under ORS 279.350 (renumbered ORS 279C.840), then no penalties were due. There was no dispute in *North Marion* that the employees had all been fully paid their due wages owing as of the time of the trial. The issue was whether the fact that the wages were paid late was sufficient to trigger the damages allowed under ORS 279.356. The Oregon Supreme Court held that the requirement under ORS 279.350 (renumbered to ORS 279C.840) was focused solely on whether the employee was paid at least the prevailing wage and that the statute contained no direction as to when the wages must be paid. *Id.* at 319-320. [#12 and #19]. The defendants argue that applying that holding and the amended statute to the facts in this case, plaintiffs should only be entitled to a PWR *penalty* to the extent that the defendants *may* still owe PWR wages, or for wages due on contracts awarded after May 26, 2009, for those amounts not fully paid for each pay period. [#12 and #19].

8 – OPINION AND ORDER

It is undisputed that a portion of plaintiffs' PWR wages were not initially paid as part of their regular weekly paychecks. Plaintiffs are demanding penalties pursuant to ORS 279C.855 in an amount equal to wages not paid as part of the employees' regular on-going paychecks. Their basis for this claim is that, according to the *current* version of ORS 279C.840, all wages due shall be paid on the regular payday established by the employer. Simply put, because the wages were not paid on time, plaintiffs reason that they are entitled to the penalties described in ORS 279C.855. However, the portion of ORS 279C.840 containing the timing requirement as to when wages were due was added to the statute in 2009. *See* 2009 Or Laws, Chapter 161, Section 4. Further, this amendment only affects wages due from prevailing wage contracts awarded on or after the effective date: May 26, 2009. *Id* at Section 6. Therefore, plaintiffs' claims for liquidated damages related to late wages for contracts awarded *prior* to May 26, 2009 should be dismissed. [#12 and #19]

Motion/paragraph #5 is denied because it is premature, as *factual* issues remain. It is well established legal principal that, "Dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that *could* be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F. 3d 1273 (9th Cir. 1993), citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, L.Ed.2d 59 (1984).

Here, the plaintiffs and the conditionally certified putative class members are distinguishable from the plaintiffs in *North Marion*. The *North Marion* plaintiffs only alleged that they were paid *late*. Plaintiffs here do not allege late payment of prevailing wages alone. Instead, they claim *underpayment* in their late payments, and that the defendants are liable for

9 – OPINION AND ORDER

liquidated damages for violating the prevailing wage statutes by tendering payments at less than the hourly prevailing wage rates of the pay that they should have tendered.  Whether or not the plaintiffs were underpaid is an unresolved question of fact.  Therefore, motion/paragraph #5 is **denied** because it is premature.

## CONCLUSION

For these reasons, the defendants' Motions to Dismiss for Failure to State a Claim is **GRANTED in part, DENIED in part,** and **CONVERTED and GRANTED in part**.

IT IS SO ORDERED.

DATED this 21st day of October, 2013.

_____
**Michael J. McShane**
**United States District Judge**