UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| DOUGLAS M. CLIFTON,<br>CHRISTOPHER A. DRURY,<br>CLIFFORD R. BAKER, and<br>CARL W. SONNTAG, individually and on<br>behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BABB CONSTRUCTION CO. dba DELTA<br>CONSTRUCTION CO., an Oregon<br>corporation, and DELTA SAND & GRAVEL<br>CO., an Oregon corporation<br><br>Defendants. | Case No.: 6:13-cv-1003 MC<br><br>FINAL ORDER<br>AND JUDGMENT |

MCSHANE, Judge:

The above-entitled matter comes before the Court on the parties' Joint Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") (Doc. 75), and on Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Payments to Named Plaintiffs ("Motion for Attorneys' Fees") (Doc. 78).

1   FINAL ORDER AND JUDGMENT

Plaintiffs Douglas M. Clifton, Christopher A. Drury, Clifford R. Baker, and Carl W. Sonntag, commenced this Action on June 14, 2013 as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and as a putative class action pursuant to Federal Rule of Civil Procedure 23. Specifically, Plaintiffs asserted violations of the overtime provisions of the FLSA; violations of Oregon Prevailing Wage Law (ORS Chapter 279C and former Chapter 279); and violations of Oregon Wage and Hour Laws (ORS Chapters 652 and 653).

On April 16, 2014, the parties participated in a judicial settlement conference mediated by the Honorable Thomas Coffin, United States Magistrate Judge. At the mediation the parties were better able to assess the strengths and weaknesses of their case and, after contested negotiations, the parties were able to reach a settlement.

On May 23, 2014, the parties filed a Stipulated Settlement Agreement (the "Settlement") (Doc. 69) setting forth the terms of the settlement and the procedures for implementation. On June 16, 2014, the Court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement preliminarily approving the Settlement, and providing for: certification for settlement purposes of the FLSA and Oregon Wage Classes set forth therein; appointing Leiman & Johnson, LLC as Class Counsel; appointing the named Plaintiffs as Class Representatives; and authorizing Court-approved notice to all members of both preliminarily certified classes (Doc. 73). The Court set October 1, 2014 as the date for the final approval hearing. *Id.*

On July 1, 2014, the Claims Administrator sent the court-approved Notices to members of the FLSA Class and the Oregon Wage Class by first-class mail to each class member. Declaration of Matthew J. McDermott, ¶3 (Doc. 77). The Notices informed

members of each class of the terms of the Settlement, including: Oregon Wage Class members' right to opt-out of the Oregon Wage Class settlement; Oregon Wage Class members' right to object to the terms of the Settlement; and the right of members of both classes to appear at the final approval hearing. (Doc. 70-1). Both the FLSA Notice and the Oregon Wage Class Notice also informed class members of: Each class members anticipated allocation of the settlement funds; Plaintiffs' request for $20,000 in service payments to the named Plaintiffs; Plaintiffs' request for an award of attorneys' fees to Class Counsel of $325,000 equal to 25% of the gross settlement amount; Class Counsels' request for reimbursement of up to $20,000 in litigation costs from the gross settlement; and Plaintiffs' request for $18,000 of the gross settlement to pay the Claims Administrator for the costs of administering and implementing the Settlement.

On September 16, 2014, the parties filed their Joint Motion for Final Approval seeking final approval of the Settlement, final certification for settlement purposes of the FLSA Class and the Oregon Wage Class, and final approval of the proposed final settlement procedures set forth in the Settlement. Concurrently with the Motion for Final Approval, Plaintiffs' filed their unopposed Motion for Attorneys' Fees, seeking approval for payment of attorneys' fees, costs and expenses, and for service payments to the named Plaintiffs.

The Court held a fairness hearing on October 1, 2014. No class members objected to the Settlement at the hearing.

**Findings.**

The Court finds that pursuant to Fed. R. Civ. P. Rule 23(e), the Settlement is procedurally and substantively fair, reasonable and adequate. The Settlement was

reached through vigorous, arms-length negotiations mediated by an experienced Judge. Prior to reaching the Settlement, the parties had conducted extensive discovery and Plaintiffs' counsel had evaluated the merits of Plaintiffs' claims. The Court finds that the applicable factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), favor approval of the Settlement.

The Court further finds that the opt-in FLSA Class members have been adequately represented by the Class Representatives and Class Counsel and the FLSA Class settlement is fair and the FLSA Class Notice and settlement procedures comport with the requirements of the FLSA.

The Court further finds that the Notice to the Oregon Wage Class fairly, accurately, and adequately notified all of the Oregon Wage Class members of the Settlement and their right to object, and that the Court-approved Notice sent to Oregon Wage Class members comports with the requirements of Fed. R. Civ. P. Rule 23.

Having considered the Motion for Final Approval, the Motion for Attorneys' Fees, and the supporting Declarations, the oral argument presented at the October 1, 2014 fairness hearing, and the complete record in this matter, and for good cause shown

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

**Certification of the Settlement Classes**

1. The Court certifies the following collective class under the Fair Labor Standards Act for settlement purposes:

    "All current and former employees of Babb Construction Co DBA Delta Construction Co., and Delta Sand & Gravel Co., who received one or two payments from [Defendants] in March 2012 and/or April 2012 and who

    worked over 40 hours in a workweek during the applicable statutory period."

2. The Court certifies the following class under Federal Rule of Civil Procedure Rule 23(3) for settlement purposes:

> "All current and former employees of Babb Construction Co. DBA Delta Construction Co., and Delta Sand & Gravel Co., who received one or both of Defendant's March 2012 and/or April 2012 payments and who are still owed unpaid wages and other compensation."

**Approval of the Settlement**

The Court hereby grants the Motion for Final Approval and the concurrently filed Motion for Attorneys' Fees, Costs and Service Payments, and finally approves the Settlement and the final allocations to class members as set forth in Exhibit C to the Declaration of Matthew J. McDermott. (Doc. 77).

**Award of Attorneys' Fees**

On June 12, 2014, the Court approved Alan J. Leiman and Drew G. Johnson of Leiman & Johnson, LLC as Class Counsel. The Court-approved Notices sent to all members of both the FLSA Class and the Oregon Wage Class provided that Class Counsel would apply to the Court for attorneys' fees in the amount of $325,000 (25% of the gross settlement amount). No class members have objected to Class Counsel's fee request.

The work that Class Counsel performed over a 20-month period prior to the Settlement in developing and litigating the case, and the work performed in furtherance of the Settlement, demonstrate Class Counsels' commitment to the FLSA and Oregon

Wage Classes and to representing the interests of the members of those classes. Class Counsel have committed substantial resources to prosecuting this case.

The Court hereby grants Plaintiffs' motion for an award of attorneys' fees to Class Counsel in the amount of $325,000, which is 25% of the gross settlement funds. Class Counsel's request is reasonable and consistent with the norms of class litigation in the Ninth Circuit.

**Award of Service Payments to Named Plaintiff Class Representatives**

The Court finds reasonable awards of service payments to Plaintiffs Drury, Baker, and Sonntag in the amount of $4,500 each, and an award to Plaintiff Clifton of $6,500, all to be paid out of the gross settlement funds. The Class Representatives have committed time and expended considerable efforts in assisting Class Counsel with the prosecution of the litigation. The requested Service Payments are reasonable and consistent with the norms of class action litigation in the Ninth Circuit.

**Reimbursement of Class Counsel's Litigation Costs and Expenses**

The Court finds reasonable the provision of the Settlement that allows Class Counsel to apply for reimbursement of litigation costs and expenses up to $20,000 to be paid from the gross settlement funds. The Court awards $20,000 to Class Counsel as reimbursement for litigation costs and expenses. Class Counsel's fee agreements with the Named Plaintiffs provided for recovery of these costs and expenses, and Class Counsel's costs and expenses exceeded the amount requested.

**Payment of Claims Administration Expenses**

The Court finds reasonable the provision of the Settlement that allows Class Counsel to apply for claims administration expenses of $18,000 and awards that amount

to be paid from the gross settlement funds to be paid pursuant to this Order and Class Counsel's agreement for the provision of the claims administration services.

**Final Settlement Procedures**

If no party seeks an appeal of the Court's Final Order and Judgment, the "Effective Date" of the Settlement will be thirty calendar days following the Court's entry of this Order. If there is an appeal of the Court's decision granting final approval, the "Effective Date" will be upon the day after all appeals are resolved in favor of final approval. No later than the Effective Date, Defendants shall deposit by wire transfer the gross settlement amount of $1,300,000 to the settlement account designated by the Claims Administrator. Within 14 calendar days of the Effective Date, the Claims Administrator shall distribute the funds in the settlement account by making the following payments:

1. Paying the FLSA Class and Oregon Wage Class the allocated settlement funds ($917,000) in the amounts set forth in Exhibit C to the Declaration of Matthew J. McDermott. (Doc. 77).
2. Paying Class Counsel 25% of the gross settlement equal to $325,000 for attorneys' fees;
3. Reimbursing Class Counsel for $20,000 of litigation costs and expenses;
4. Paying Service Payment awards of $4,500 each to Plaintiffs Drury, Baker and Sonntag, and $6,500 to Plaintiff Clifton; and
5. Paying the claims administration expenses of $18,000 to the Claims Administrator.

The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of the settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

Upon the Effective Date, the litigation shall be dismissed with prejudice without cost to either party and all members of the Oregon Wage Class who have not excluded themselves from the Settlement shall be permanently enjoined from pursuing and/or seeking to reopen any claims that have been released pursuant to the Settlement.

Upon the Effective Date, all members of the FLSA Class who opted-in to the litigation shall be permanently enjoined from pursuing and/or seeking to reopen any claims relating to violations of the Fair Labor Standards Act that have been released pursuant to the Settlement.

DATED this 1 day of October, 2014.

                                               **Honorable Micheal J. McShane**
                                               **United States District Judge**